NATURAL RESOURCES DEFENSE COUNCIL, et al., Plaintiffs—Appellees,

v.

ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants—Appellees,

v.

The American Farm Bureau Federation, et al., Plaintiff–Intervenors—Appellants.

No. 01–17292.

D.C. No. CV–99–03701–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2002.

Decided May 23, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges and RESTANI, Judge.*

MEMORANDUM **

The Natural Resources Defense Council (NRDC) sued the Environmental Protection Agency (EPA) alleging that the EPA failed to timely reassess pesticide tolerances under the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 346a(q). The district court allowed the American Farm Bureau Federation (AFBF) to intervene. NRDC and the EPA entered into a consent decree resetting missed interim statutory deadlines and the district court approved the consent decree. Intervenor AFBF appeals the district court's approval of the consent decree alleging that the district court exceeded its jurisdiction and abused its discretion by approving the consent decree. We dismiss the appeal because intervenor AFBF lacks standing to appeal the approval of the consent decree.

To appeal the district court's final order resolving this action, intervenor AFBF must establish constitutional standing. *Diamond v. Charles,* 476 U.S. 54, 68, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Idaho Farm Bureau Fed'n. v. Babbitt,* 58 F.3d 1392, 1398 (9th Cir.1995); *Didrickson v. United States Dep't. of Interior,* 982 F.2d 1332, 1338 (9th Cir.1992). Thus, AFBF must establish that: (1) it has suffered an injury in fact (2) that is fairly traceable to the challenged action and (3) that the injury will likely be redressed by the requested relief. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Idaho Farm Bureau Fed'n.,* 58 F.3d at 1398–99. AFBF's alleged injury, that AFBF will lose rights to sell, purchase or use safe pesticides, is speculative, not likely to be caused by the interim deadlines in the consent decree and not likely to be cured if this court sets aside the consent decree. The regulatory process will proceed with notice and comment and AFBF retains its right to challenge unfavorable decisions once the EPA makes final re-registration decisions. Thus, AFBF lacks standing to challenge the district court's approval of the consent decree setting interim deadlines.

APPEAL DISMISSED.

---

\* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.